UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LERON BROWN, | No. 2:15-cv-00966 AC P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| CDCR,[1] | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the filing fee or filed an application to proceed in forma pauperis. This action is referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The exhaustion of available state remedies is a prerequisite to the federal court exercising jurisdiction over a federal habeas petition. <u>See</u> 28 U.S.C. §

---

[1] Plaintiff is informed that a federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner, that is, the warden of the state prison in which petitioner is incarcerated. <u>See</u> 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; <u>Smith v. Idaho</u>, 392 F.3d 350, 354-55 (9th Cir. 2004); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

1

1  2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner satisfies the exhaustion
2  requirement by providing the highest state court with a full and fair opportunity to consider all of
3  his claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276
4  (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021
5  (1986).  When presented with a wholly unexhausted federal habeas corpus petition, a federal
6  district court must dismiss the petition.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
7  2006) (completely unexhausted petition must be dismissed without prejudice).
8       Review of the petition indicates that petitioner is challenging his March 2, 2015
9  conviction and April 6, 2015 sentence in the Sacramento County Superior Court, in Case No.
10  14F04720.  Review of the case access website operated by the Sacramento County Superior Court
11  confirms that petitioner was convicted and sentenced on these dates in the identified case.[2]  The
12  instant petition indicates that petitioner has not pursued his recent conviction or sentence on
13  appeal or by collateral attack, other than noting that he is awaiting a response from the
14  Sacramento County Superior Court on his "appeal."  ECF No. 1 at 4.  The remainder of the
15  petition sets forth petitioner's reasons why he asserts he was improperly convicted.
16       The court finds the instant petition wholly exhausted.  Petitioner must first exhaust his
17  claims in the state courts, including the California Supreme Court, before bringing some or all of
18  the same claims in federal court.
19       Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
20  district judge to this action.
21       Further, IT IS HEREBY RECOMMENDED that:
22       1.  The instant petition for writ of habeas corpus be dismissed without prejudice because
23  fully unexhausted, see Rule 4, Rules Governing § 2254 Cases; and
24       2.  The Clerk of Court be directed to close this case.
25

---

[2] This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 5, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE